UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANTHONY TEDESCO,

                          Plaintiff,

-against-

THOMAS SCOTT LEONARD; SOUTHERN
PRIDE TRANSPORTS, LLC, a/k/a SOUTHERN
PRIDE TRANSPORT LLC; TJS HOTSHOT
SERVICE LLC,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/13/2020_

20 Civ. 7031 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Plaintiff, Anthony Tedesco, brought suit in Supreme Court, Bronx County, against Defendants, Thomas Scott Leonard, Southern Pride Transports, LLC a/k/a Southern Pride Transport LLC ("Southern Pride"), and TJS Hotshot Service LLC ("TJS Hotshot"), claiming that Leonard, in the course of his employment by Southern Pride, negligently or recklessly crashed a truck owned by Southern Pride and a trailer owned by TJS Hotshot and leased by Southern Pride. Compl. ¶¶ 12–16, 23–24, ECF No. 1-2. Defendants filed a notice of removal in this Court on August 28, 2020. Notice of Removal, ECF No. 1. Now before the Court is Plaintiff's motion to remand the case to state court. ECF No. 7. For the reasons stated below, the motion is GRANTED.

       A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see* Notice of Removal ¶ 9. "The removing party bears the burden of establishing that removal is proper." *Wimbledon Fin. Master Fund, Ltd. v. Sage Grp. Consulting Inc.*, No. 17 Civ. 6563, 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017).

Plaintiff does not dispute that complete diversity exists between the parties.  Notice of Removal ¶ 5.  The two remaining issues are whether the amount in controversy exceeds $75,000 and whether all the defendants timely consented to removal.

The complaint does not specify the amount of damages sought.  *See* Compl. ¶¶ 25–29.  It states only that Plaintiff seeks "damage[s] in an amount that exceeds the jurisdictional limits of all lower courts [below the New York Supreme Court] that would otherwise have jurisdiction."  *Id.* ¶ 29. Where "the complaint does not specify the particular amount of damages sought, the Court looks to the facts alleged in the complaint, along with those alleged in the removal papers, to determine whether it appears to a reasonable probability that the jurisdictional amount has been reached." *Robinson v. Berkshire Life Ins. Co. of Am.*, No. 18 Civ. 7689, 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16, 2019) (internal quotation marks and citation omitted).

Defendants have not presented sufficient allegations or evidence to show a reasonable probability that the amount in controversy exceeds $75,000.  The notice of removal states that the amount-in-controversy requirement is likely met because Plaintiff "seeks damages in 'an amount that exceeds the jurisdictional limit of all lower courts that would otherwise have jurisdiction, together with interest and all costs and disbursements of this action, and such other and further relief this Court deems just and proper.'"  Notice of Removal ¶ 7 (quoting Compl.).  The notice further states that these damages were caused by "personal injuries allegedly sustained in a motor vehicle accident."  *Id.*  The complaint states that the accident caused Plaintiff to become "sick, sore, lame and disabled and so remains and suffers great physical and mental pains. She sustained severe injuries in and about her head, body and limbs."  Compl. ¶ 25.

But courts in this circuit have repeatedly been confronted with allegations of injury very similar to these, and have repeatedly held that, standing alone, such boilerplate claims do not create a reasonable probability that the amount-in-controversy requirement is met.  *See, e.g.*, *Bonnet v. Roig*,

2

No. 19 Civ. 5397, 2019 WL 5291207, at *2 (E.D.N.Y. Oct. 18, 2019) ("Plaintiff's general allegations that she 'was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time' . . . are not enough."); *Burley v. Target Dep't Store, Inc.*, No. 17 Civ. 1193, 2017 WL 1030711, at *2 (E.D.N.Y. Mar. 15, 2017) ("[T]he Court is left to guess at the amount in controversy based on the [c]omplaint's boilerplate allegation that Plaintiff 'was rendered sick, sore, lame and disabled, was caused to suffer great pain, was and is internally and externally injured, will continue to endure great pain and suffering, and has sustained and will continue to sustain special damages.' Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." (alteration and citation omitted)). The same goes for allegations that the amount in controversy exceeds the jurisdictional limit of courts inferior to the New York Supreme Court, or that plaintiff suffered "a greater economic loss" or "serious injury" as defined by New York Insurance Law § 5102. *See, e.g.*, *Bonnet*, 2019 WL 529107, at *2; *Johnson-Kamara v. W. Chacon Trucking*, No. 05 Civ. 9900, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006).

Defendants claim that Plaintiff's various surgical procedures would typically bring a jury award over $75,000 in damages. Def. Opp'n at 7–8, ECF No. 12. Plaintiff explains, however, that he had existing spinal injuries from a prior accident, and that the current injuries could be merely "an aggravation of [the old] injuries," which might ultimately result in a lower award. Pl. Reply ¶¶ 7, 9, ECF No. 14. In a motion for remand, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Therefore, Defendants' allegations concerning Plaintiff's surgeries are

not sufficient to allege the amount in controversy.

Beyond those allegations, Defendants seek to establish jurisdiction based on Plaintiff's failure to execute a stipulation stating that Plaintiff would not seek more than $75,000 in damages. Def. Opp'n at 8; ECF No. 12-6. In support of this argument, Defendants rely on *Whitter v. Waizenegger*, No. 19 Civ. 283, 2019 WL 6210848 (S.D.N.Y. Nov. 21, 2019). However, *Whittier* noted only that "a plaintiff's refusal to stipulate to damages below $75,000 is *some* evidence that the amount-in-controversy requirement is met." *Id.* at *2 (emphasis in original). Plaintiff's failure to execute the proffered stipulation might offer some support for the contention that more than $75,000 is at issue, but it is not enough to meet Defendants' burden of showing a "reasonable probability that the jurisdictional amount has been reached." *Robinson*, 2019 WL 1614831, at *2 (internal quotation marks and citation omitted).

## CONCLUSION

Because Defendants have not alleged a sufficient amount in controversy, the Court need not reach the question of whether all Defendants consented to removal. Plaintiff's motion to remand is GRANTED. The Clerk of Court is directed to close the case, to remand it to Supreme Court, Bronx County, and to terminate the motion at ECF No. 7.

SO ORDERED.

Dated: November 13, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge